# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2866NI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Northern District |
| | * | of Iowa. |
| Agim Baftiri, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: August 1, 2001

Filed: August 30, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and BEAM,
Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Agim Baftiri was convicted after a trial by jury of four counts of distributing controlled substances, in violation of 21 U.S.C. § 841(a)(1). Mr. Baftiri was sentenced to five years in prison, the mandatory minimum. See 21 U.S.C. § 841(b)(1)(B). The defendant testified at trial. The question presented is whether the recording of a telephone conversation obtained by the government in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2515, could

properly be used to impeach the defendant's testimony. The District Court[1] held for the government on this issue, overruling the defendant's objection. We agree and affirm.

The statute in question provides simply that evidence of a communication shall be suppressed, 18 U.S.C. § 2515, if "the communication was unlawfully intercepted." 18 U.S.C. § 2518(10)(a)(i). A literal reading of the statute, without regard to the Fourth Amendment background (which allows illegally obtained evidence to be used for impeachment), would support the defendant's position before this Court. The government concedes that a telephone conversation was unlawfully recorded. Therefore, the argument runs, a recording of the conversation cannot be used against the defendant in any way. The statute contains no exception for impeachment.

There is no case directly in point in this Circuit, but every other court of appeals that has considered the question has ruled in favor of the government's position. See Williams v. Poulos, 11 F.3d 271, 287 & n.35 (1st Cir. 1993); United States v. Echavarria-Olarte, 904 F.2d 1391, 1397 (9th Cir. 1990); Jacks v. Duckworth, 651 F.2d 480, 484 (7th Cir. 1981), cert. denied, 454 U.S. 1147 (1982); United States v. Caron, 474 F.2d 506, 509-10 (5th Cir. 1973). These holdings are in accord with the Supreme Court's Fourth Amendment jurisprudence, under which evidence obtained by an unreasonable search and seizure, in violation of that Amendment, can be used to impeach a defendant who chooses to take the witness stand in his own defense. See, e.g., United States v. Havens, 446 U.S. 620, 627-28 (1980). Evidence seized in violation of the Fourth Amendment or the federal wiretapping statute cannot be used by the government in its case in chief. But, if the defendant chooses to testify, and swears to a sequence of events inconsistent with his own previously recorded statements, the Constitution does not require the government to leave the lie (or what it contends to be a lie) unchallenged. Such a result would allow a defendant to use the

---

[1]The Hon. Michael J. Melloy, United States District Judge for the District of Iowa.

law as a means of effectuating perjury (assuming, what is of course always a question for the jury, that the previously recorded conversation, as opposed to the defendant's in-court testimony, represents the truth of the matter).

As the First Circuit explained in United States v. Vest, 813 F.2d 477, 481-82 (1st Cir. 1987), the legislative history of the Omnibus Crime Control and Safe Streets Act shows that Congress did not intend to "press the scope of the suppression [rule] beyond . . . search and seizure law. Walder v. United States, 347 U.S. 62 (1954)." [2] See S. Rep. No. 1097, 90th Cong., 2d Sess. 96, reprinted in 1968 U.S. Code Cong. & Admin. News at 2184-85. It makes no sense for evidence obtained in violation of a mere statute to be more severely restricted than evidence obtained in violation of the Constitution. At the time the statute was enacted, evidence obtained in violation of the Fourth Amendment could be used for impeachment purposes. It is reasonable to assume that Congress had this background in mind when the statute was passed, and that, in the absence of an express statement, it did not intend to draw the line of exclusion in a different place.

As the Supreme Court explained in United States v. Havens, 446 U.S. at 627-28,

> [T]he ends of the exclusionary rules [are] thought adequately implemented by denying the government the use of the challenged evidence to make out its case in chief. The incremental furthering of those ends by forbidding impeachment of the defendant who testifies was deemed insufficient to permit or require that false testimony go unchallenged, with the resulting impairment of the integrity of the factfinding goals of the criminal trial. We reaffirm this assessment of the competing interests, and hold that a

---

[2] This same passage from the legislative history was quoted with approval by this Court, though in a different context, in United States v. Phillips, 540 F.2d 319, 326 (8th Cir.), cert. denied, 429 U.S. 1000 (1976).

defendant's statements . . . are subject to otherwise proper impeachment by the government, albeit by evidence that has been illegally obtained and that is inadmissible on the government's direct case, or otherwise, as substantive evidence of guilt.

In the present case, the evidence in question was received for impeachment purposes only. The jury was told that it could not be considered as substantive evidence going to the guilt or innocence of the defendant. It was relevant only to the jury's decision whether to believe the defendant's testimony.

Accordingly, the judgment of the District Court is

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.